Victoria L. Nelson, Esq. (NV Bar No. 5436)
Email: vnelson@nelsonhoumand.com
Jacob L. Houmand, Esq. (NV Bar No. 12781)
Email: jhoumand@nelsonhoumand.com
**NELSON & HOUMAND, P.C.**
3900 Paradise Road; Suite U
Las Vegas, Nevada 89169-0903
Telephone:    702/720-3370
Facsimile:    702/720-3371

*Electronically Filed On: February 9, 2014*

*Attorneys for Shelley D. Krohn, Chapter 7 Trustee*

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

In re:

WILLIAM WALTER PLISE,
AKA BILL PLISE,

        Debtor.

Case No. BK-S-12-14724-LBR
Chapter 7

**FIRST INTERIM APPLICATION OF
NELSON & HOUMAND, P.C.  FOR
ALLOWANCE OF COMPENSATION
FOR SERVICES RENDERED DURING
THE PERIOD FROM SEPTEMBER 3,
2013 THROUGH FEBRUARY 7, 2014 AND
FOR REIMBURSEMENT OF EXPENSES**

Date of Hearing:      March 12, 2014
Time of Hearing:      9:30 a.m.
Place: Courtroom No. 5, Second Floor
             Foley Federal Building
             300 Las Vegas Blvd., S.
             Las Vegas, NV 89101

Judge: Hon. Linda B. Riegle

| | |
|---|---|
| Name of firm: | Nelson & Houmand, P.C. |
| Authorized to Provide Professional Services to: | Counsel to Shelley D. Krohn, Chapter 7 Trustee |
| Date of Retention: | September 3, 2013 (via substitution of counsel) |
| Period for which Compensation and Reimbursement is Sought | September 3, 2013 through February 7, 2014 |
| Amount of Compensation Requested: | $   197,037.50 |
| Amount of Expense Reimbursement Requested: | $     2,594.58 |

This is an: _____X_____ interim _____ final application.

This is the first interim fee application filed by Nelson & Houmand, P.C. in this case.

# Billing Summary

**Prior Applications:  None**

**Fees**
| | |
|---|---:|
| Fees Previously Requested | 0.00 |
| Fees Previously Awarded | 0.00 |

**Expenses**
| | |
|---|---:|
| Expenses Previously Requested | 0.00 |
| Expenses Previously Awarded | 0.00 |

| | |
|---|---:|
| Retainer Paid: | 0.00 |
| Drawn on Retainer: | 0.00 |
| Remaining Retainer: | 0.00 |

| | |
|---|---:|
| Current Application Fees from September 3, 2013 through February 7, 2014 Requested: | $197,037.50 |
| Current Application Expenses September 3, 2013 through February 7, 2014 Requested: | $  2,594.58 |

**FIRST INTERIM FEE APPLICATION OF**
**NELSON & HOUMAND, P.C.**
**SUMMARY OF PROFESSIONALS**
**SEPTEMBER 3, 2013 THROUGH FEBRUARY 7, 2014**

| NAME | GRADUATION FROM LAW SCHOOL | TITLE | HOURLY RATE | HOURS THIS APPLICATION | TOTAL FEE |
|---|---|---|---|---|---|
| Victoria L. Nelson, Esq.[1] | 1990 | Partner | 425.00 | 141.1 | $ 59,967.50 |
| Jacob L. Houmand, Esq. | 2011 | Partner | 300.00 | 456.9 | $137,070.00 |
| **TOTAL** | | | | **598.0** | **$197,037.50** |

---

[1]    Ms. Nelson was certified by the American Board of Certification as a business bankruptcy specialist.

FIRST INTERIM FEE APPLICATION OF
NELSON & HOUMAND, P.C.
SUMMARY OF SERVICES RENDERED
SEPTEMBER 3, 2013 THROUGH FEBRUARY 7, 2014

| ACTIVITY | HOURS | FEES |
|---|---|---|
| B110 – Case Administration | 7.0 | $    2,300.00 |
| B120 – Asset Analysis & Recovery | 89.9 | $  30,240.00 |
| B160 – Preparation of Fee Application | 11.9 | $    4,820.00 |
| B190 – Other Contested Matters – Adversary Actions | 489.2 | $159,677.50 |
| **TOTALS:** | **598.0** | **$197,037.50** |

**FIRST INTERIM FEE APPLICATION OF
NELSON & HOUMAND, P.C.
SUMMARY OF DISBURSEMENTS
SEPTEMBER 3, 2013 THROUGH FEBRUARY 7, 2014**

| EXPENSES | RATE | TOTAL |
|---|---|---|
| Filing Fee | Actual Cost | $   291.00 |
| Photocopies | $0.15 per page | $   671.00 |
| Postage | Actual Cost | $     62.50 |
| Pacer | Actual Cost | $1,570.08 |
| **TOTALS:** | | **$2,594.58** |

**FIRST INTERIM APPLICATION OF NELSON & HOUMAND, P.C. FOR
ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED FROM
SEPTEMBER 3, 2013 THROUGH AND INCLUDING FEBRUARY 7, 2014 AND
ALLOWANCE OF EXPENSES**

NELSON & HOUMAND, P.C., (the "Firm"), counsel to Shelley D. Krohn, Chapter 7 Trustee ("Trustee") submits the First Interim Application of Nelson & Houmand, P.C. for Compensation for Services Rendered and for Reimbursement of Expenses (the "Fee Application"), pursuant to 11 U.S.C. §§ 330 and 331, Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Guidelines for Compensation and Reimbursement of Professionals in Region 17 as promulgated by the Offices of the United States Trustee (the "Region 17 Guidelines"), the Guidelines for Reviewing Applications for Compensation and Reimbursement on Expenses Filed Under 11 U.S.C. § 330 effective January 30, 1996 (the "U.S. Trustee Guidelines"), for allowance of compensation for professional services rendered and for reimbursement of expenses incurred in connection with such services.

## I.

## INTRODUCTION

The Firm, counsel to the Trustee in the above-captioned chapter 7 case (the "Case"), hereby submits this First Interim Fee Application for services rendered in the Case during the period from September 3, 2013, through February 7, 2014 (the "Fee Application Period").

The Firm requests an order (A) approving and allowing on an interim basis (1) compensation in the amount of $197,037.50 for the reasonable and necessary services of the Firm during the Fee Application Period and (2) reimbursement of the actual costs and expenses incurred by the Firm in the amount of $2,594.58; and (B) authorizing the Trustee to pay such amounts to the Firm.

The Firm believes that the services it rendered to the Trustee during the Fee Application Period benefited the Debtor's estate and that, therefore, the fees and costs requested in this Fee Application should be approved under section 330(a) of title 11 of the United States Code (the "Bankruptcy Code").

## II.

## JURISDICTION

The Court has jurisdiction over this Chapter 11 proceeding under 28 U.S.C. § 157 and 28 U.S.C. § 1334.  This matter constitutes a core proceeding under 28 U.S.C. § 157(b)(2).

## III.

## SUMMARY OF PROFESSIONAL SERVICES PERFORMED

1.      The Firm has provided services in the matters as described below.

2.      The following summary is intended only to highlight a number of the services rendered by the Firm, and it is not meant to be a detailed description of all of the work performed.  Detailed descriptions of day-to-day services provided by the Firm and the time expended performing such services is fully set forth in the billing summary attached hereto as **Exhibit "A"**.

## IV.

## STATEMENT RE: NOTICE

1.      Pursuant to Bankruptcy Rules 2002(a)(6) and 2002(c)(2), notice of hearing on this Fee Application, identifying the Firm and amounts requested, has been served on all identified creditors and parties in interest not less then 28 days prior to the date set for hearing on this Fee Application.

## V.

## STATEMENT OF STATUTORY AUTHORITY FOR RELIEF SOUGHT

1.      11 U.S.C. Section 330(a) states:

(a)(1)    After notice to the parties in interest and the United States trustee and a hearing, and subject to sections 326, 328 and 329 the court may award to a trustee, an examiner, a professional person employed under section 327 or 1103

(A) reasonable compensation for actual, necessary services rendered by the trustee, examiner, professional person, or attorney and by any paraprofessional person employed by any such person; and

(B) reimbursement for actual, necessary expenses.

- 8 -

11 U.S.C. Section 503 states, in relevant part:

(a)    An entity may timely file a request for payment of an administrative expense, . . .

(b)    After notice and a hearing, there shall be allowed administrative expenses, . . . including –

(2) compensation and reimbursement awarded under Section 330(a) of this title.

11 U.S.C. Section 331 authorizes the application for and payment of compensation or reimbursement as follows:

A trustee, an examiner, a debtor's attorney, or any professional person employed under section 327 or 1103 of this title may apply to the court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered before the date of such an application or reimbursement for expenses incurred before such date as is provided under section 330 of this title.   After notice and a hearing, the court may allow and disburse such compensation or reimbursement.

2.    This Fee Application is brought pursuant to 11 U.S.C. Sections 330(a), 331 and 503(b) and Region 17 Guidelines Subsection (b).

**VI.**

**STATEMENT RE: AMOUNT OF COMPENSATION SOUGHT TO BE ALLOWED**

1.    This Fee Application seeks allowance of compensation and reimbursement of costs as follows: $197,037.50 for professional services and $2,594.58 for reimbursement of expenses rendered during the period from September 3, 2013, through and including February 7, 2014 (the "First Interim Compensation Period").

**VII.**

**STATEMENT RE: SERVICES RENDERED, HOURLY RATES, AND EXPENSES INCURRED**

1.    The above-captioned bankruptcy case is a Chapter 7 case.

2.    Services rendered by Applicant are set forth in detail in **Exhibits "A"**.   Said **Exhibits "A"** reflects the tasks  and includes a detailed list of all time for which compensation is sought, including date of service, designation of category of person rendering service, and description of time spent and tasks performed.   "Guidelines" subsection (b)(4); Bankruptcy Rule

2016(a)(1). Applicant's expenses incurred are set forth above and a break-down of the expenses are set forth in detail in the billing statements attached hereto as **Exhibit "B"**.

3.      No unusual or costly expenses are listed above.

4.      The Firm has charged customary rates for fees which are allowed by attorneys in this area pursuant to 11 U.S.C. § 330.

5.      The Firm is not on a contingency basis and as in all bankruptcy proceedings, the fees charged are subject to the discretion of the Court.

6.      For the convenience of the Court, the U.S. Trustee, and all interested parties, the following paragraphs set forth a narrative statement, summary and explanation of certain activities and services performed during the time covered by the Fee Application Period. Applicant expended a total of 598.0 hours in providing services on behalf of the Trustee in the Debtor's Chapter 7 bankruptcy case.  To provide an orderly and meaningful summary of the services rendered by the Firm in accordance with applicable law and guidelines the Firm utilizes the following separate project billing categories in the First Interim Compensation Period to provide a breakdown of the time expended:

B110 – <u>Case Administration</u>.  The entries in this category relate to the work performed pertaining to operational and administrative matters including telephone communications and emails with various creditors and interested parties on an on-going day-to-day basis.  The Firm expended 7.0 hours and spent $2,300.00 in this category.

B120 – <u>Asset Analysis & Recovery</u>.   The entries in this category relate to the investigation and analysis of the recovery of assets for ultimate distribution to the unsecured creditors of the Debtor's bankruptcy estate.  This category includes extensive communications with third parties in the recovery and recreation of the books and records of the Debtor and his various alter ego entities.  This category also includes meetings with prospective special counsel to litigate the causes of action now held by the Trustee.  The Firm expended 89.9 hours and spent $30,240.00 in this category.

B160 – <u>Preparation of Fee Application</u>.  The entries in this category relate to the Fee Application filed on behalf of the Firm.  The Firm expended 11.9 hours and spent $4,820 in this

category.

B190 – Other Contested Matters.    The entries in this category relate to the various adversary proceedings that have been filed and litigated by the Trustee during the Fee Application Period.    The adversary proceedings for which services were performed are as follows:

(1)    *Krohn v. William W. Plise* -    This adversary proceeding involved the Trustee's action against the Debtor for the denial of his discharge pursuant to 11 U.S.C. § 727.    The work performed by the Firm during the Fee Application Period resulted in the denial of the Debtor's discharge thereby denying the Debtor the ability to obtain a discharge of over a half billion dollars ($500,000,000) in unsecured debt.    The Firm obtained the denial of Debtor's discharge via a motion for partial summary judgment.    The Firm expended 107.5 hours and spent $37,187.50 in this adversary proceeding.

(2)    *Krohn v. Mountain Springs Development, et al.* – This adversary proceeding was filed against various parties including the former in-house counsel for Plise Development & Construction.    During the Fee Application Period, a Settlement Agreement was entered into resulting in a Motion to Approve Compromise bringing One Hundred Ninety Thousand Dollars ($190,000) into the bankruptcy estate.    The Firm expended 24.4 hours and spent $7,380.00 in this adversary proceeding.

(3)    *Krohn v. Stipp, et al.* - This adversary proceeding was filed against various parties including the former Chief Operating Office of Plise Development & Construction.    During the Fee Application Period research was conducted regarding the complicated tracing of funds both on and off-shore.    A Complaint and Motion for Preliminary Injunction were filed wherein the parties entered into settlement negotiations resulting in a Motion to Approve Compromise bringing Seven Hundred Fifty Thousand Dollars ($750,000) into the bankruptcy estate.    The Firm expended 243.4 hours and spent $79,675.00 in this adversary proceeding.

(4)    *Krohn v. Sarna* – This adversary proceeding was filed against the former certified public accountant for the Debtor and his various entities.    During the Fee Application Period, the Firm, with the in-put of the Trustee, interviewed and selected special counsel to litigate the

claims against the defendants and sought to employ special litigation counsel on behalf of the Trustee. The Firm than conducted meetings with special litigation counsel to provide information and assist in discovery issues. The Firm expended 15.5 hours and spent $5,025.00 in this adversary proceeding.

(5)    *Krohn v. Vandeneynde* – A judgment in excess of Three Hundred Fifty Thousand Dollars ($350,000) was obtained against the Defendant. Since obtaining the judgment, the Firm discovered that the Defendant had relocated to another jurisdiction. The Firm obtained counsel in the jurisdiction in which the defendant now resides, filed an application to employ special counsel to commence domestication and the ultimate collection of the judgment. The Firm expended 3.1 hours and spent $1,317.50 in this adversary proceeding.

(6)    *Krohn v. William R. Plise* – This is an adversary proceeding filed against the father of the Debtor for recovery of a fraudulent transfer. A settlement conference was conducted which failed to resolve the proceeding and the litigation continues which includes the Withdrawal of Reference to the United States District Court. The Firm expended 21.7 hours and spent $6,547.50 in this adversary proceeding.

(7)    *Krohn v. Nevada Title* – This is a case in which the Firm developed legal theories and causes of action based upon the records obtained from the assignee of First National Bank of Nevada and Clayton Mortgage and the research of relevant case law. The Firm, on behalf of the Trustee, sought and obtained the assignment of causes of action from the assignee of First National Bank of Nevada and the investors of Clayton Mortgage. Thereafter, the Firm, on behalf of the Trustee, sought special counsel to litigate an adversary proceeding seeking approximately Eighteen Million Dollars ($18,000,000) in damages. The Firm expended 25.1 hours and spent $8,942.50 in this adversary proceeding.

(8)    *In re William W. Plise* - The entries in this category deal with the discovery disputes in the United States District Court for the Northern District of Texas regarding motions for protective orders filed by Mitchell Stipp and James Moore. The Firm expended 48.5 hours and spent $13,602.50 in this matter.

## VIII.

### STATEMENT RE: EXPERTISE REQUIRED

1.    The Firm is skilled in insolvency proceedings and Chapter 7 Trustee cases, and has special knowledge which enables Applicant to perform services of benefit to the Trustee. Exceptional knowledge and skills with respect to insolvency practice, and procedure and law are required to handle the problems which arise in the bankruptcy context.

## IX.

### STATEMENT RE: TERMS AND CONDITIONS OF EMPLOYMENT

2.    The Firm was substituted into the Case on behalf of the Trustee on September 3, 2013.  Prior to the substitution of the Firm, the law firm of Cotton, Driggs, Walch, Holley, Woloson & Thompson were general bankruptcy counsel for the Trustee.  The scope of the Firm's employment in this bankruptcy case is as follows:

(a)    To assist in preparation and/or to prepare on behalf of Trustee any necessary motions, applications, answers, orders, reports and papers as required by applicable bankruptcy or non-bankruptcy law, or as required by the Court, and to represent the Debtor in proceedings or related hearings;

(b)    To assist the Trustee in analyzing any matters regarding the Debtor's estate;

(c)    To assist with the review, analysis and/or advice to the Trustee regarding claims or causes of action to be pursued on behalf of the Debtor's estate;

(d)    To assist the Trustee with providing information to creditors or other persons;

(e)    To assist in the review and analysis of the validity of claims filed;

(f)    To assist in providing continuing legal advice with respect to the bankruptcy estates, litigation, avoidance actions or other matters that may arise in this bankruptcy case; and

(g)    To perform all other and necessary legal services as may be required by lead bankruptcy counsel of the Trustee in the Debtor's bankruptcy case.

- 13 -

3.      The results achieved during the Fee Application Period encompassed by this Fee Application relate to the scope of employment set forth in this Fee Application, and are set forth in more specific detail in **Exhibits "A"** and **"B"** attached to this Fee Application.  During the time in question, the Firm has assisted the Trustee in those items detailed in the "Scope of Employment", **Exhibits "A"** and **"B"** and other miscellaneous functions.

4.      The Firm's services were rendered economically and without unnecessary duplication of efforts.  In addition, the work involved, and thus the time expended, was carefully assigned in consideration of the experience and expertise required for each particular task.  If more than one person attended a meeting or hearing, it was not a duplication of that effort but it was necessary to adequately represent the interests of the Trustee.

## X.
## STATEMENT RE: PAYMENTS MADE OR PROMISED AND LACK OF AGREEMENTS TO SHARE COMPENSATION

1.      No payments have been made or promised to the Firm for services rendered or to be rendered in connection with this case, other than those payments described in this Fee Application.

2.      No agreement or understanding exists between the Firm and any other entity for the sharing of compensation received or to be received for services rendered in connection with this case.

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

- 14 -

WHEREFORE, the Firm respectfully requests that this Court enter an Order granting this First Interim Fee Application, and approving and allowing compensation in the amount of $197,037.50 for the Fee Application Period plus reimbursement of expenses in the amount of $2,594.58 for the Fee Application Period.

Dated this 8th day of February, 2014.

**NELSON & HOUMAND, P.C.**

*/s/ Victoria L. Nelson*
Victoria L. Nelson, Esq. (SBN 5436)
Jacob L. Houmand, Esq. (SBN 12781)
3900 Paradise Road, Suite U
Las Vegas, Nevada 89169
Telephone:702/720-3370
Facsimile: 702/720-3371

*Attorneys for Shelley D. Krohn, Chapter 7 Trustee*