Victoria L. Nelson, Esq. (NV Bar No. 5436)
Email: vnelson@nelsonhoumand.com
Jacob L. Houmand, Esq. (NV Bar No. 12781)
Email: jhoumand@nelsonhoumand.com
NELSON & HOUMAND, P.C.
3900 Paradise Road; Suite U
Las Vegas, Nevada 89169-0903
Telephone:     702/720-3370
Facsimile:      702/720-3371

*Electronically Filed On: July 28, 2014*

*Attorneys for Shelley D. Krohn, Chapter 7 Trustee*

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re: | Case No. BK-S-12-14724-LBR |
| WILLIAM WALTER PLISE, | Chapter 7 |
| Debtor. | **SUPPLEMENTAL OBJECTION TO PROOF OF CLAIM NUMBER 20-2 FILED BY TENNILLE I. PLISE PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 3007** |
| | Date of Hearing:  August 28, 2014
Time of Hearing:  9:30 a.m.
Place: Courtroom No. 5, Second Floor
   Foley Federal Building
   300 Las Vegas Blvd., S.
   Las Vegas, NV 89101 |
| | Judge: Honorable Linda B. Riegle |

Shelley D. Krohn, the Chapter 7 Trustee in the above-captioned bankruptcy case (the "Trustee") by and through her counsel, Victoria L. Nelson, Esq. and Jacob L. Houmand, Esq., of the law firm of Nelson & Houmand, P.C., hereby files this Supplemental Objection to Proof of Claim Number 20-2 Filed By Tennille I. Plise Pursuant to Federal Rule of Bankruptcy Procedure 3007 (the "Supplemental Objection").[1]

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532.  The Federal Rules of Civil Procedure will be referred to as "FRCP" and

- 1 -

The Supplemental Objection incorporates all of the arguments and evidence submitted in support of the Objection to Proof of Claim Number 20 Filed By Tennille I. Plise Pursuant to Federal Rule of Bankruptcy Procedure 3007 (the "Objection") [Docket No. 730]. The Supplemental Objection is based on the following Memorandum of Points and Authorities, the Objection, the Declaration of Shelley D. Krohn in Support of the Objection to Proof of Claim Number 20 Filed By Tennille I. Plise Pursuant to Federal Rule of Bankruptcy Procedure 3007 (the "Krohn Declaration") [Docket No. 731], the Reply to Response to Objection to Proof of Claim Number 20 Filed By Tennille I. Plise Pursuant to Federal Rule of Bankruptcy Procedure 3007 (the "Reply") [Docket No. 738], and the Declaration of Victoria L. Nelson in Support of the Supplemental Objection to Proof of Claim Number 20 Filed By Tennille I. Plise Pursuant to Federal Rule of Bankruptcy Procedure 3007 (the "Nelson Declaration"), which is filed separately and concurrently with this Court pursuant to Local Rule 9014(c)(2). The Supplemental Objection is also based on the pleadings and papers on file herein and any argument that may be entertained at any hearing on the Objection and the Supplemental Objection.[2]

Dated this 28th day of July, 2014.

**NELSON & HOUMAND, P.C.**

/s/ *Victoria L. Nelson*
Victoria L. Nelson, Esq. (NV Bar No. 5436)
Jacob L. Houmand, Esq. (NV Bar No. 12781)
3900 Paradise Road; Suite U
Las Vegas, Nevada 89169-0903
Telephone:   702/720-3370
Facsimile:   702/720-3371

*Attorneys for Shelley D. Krohn, Chapter 7 Trustee*

---

─────────────────────────── (continued)
the Federal Rules of Bankruptcy Procedure will be referred to as "FRBP." The Local Rules of Practice for the United States Bankruptcy Court for the District of Nevada shall be referred to as the "Local Rules".

[2] The Trustee also requests that the Court take judicial notice of all pleadings filed in the above-referenced bankruptcy case pursuant Rule of Evidence 201, incorporated by reference by Federal Rule of Bankruptcy Procedure 9017.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

On June 11, 2014, the Trustee filed the Objection to Proof of Claim Number 20 Filed By Tennille I. Plise Pursuant to Federal Rule of Bankruptcy Procedure 3007 (the "Objection") [Docket No. 730].[3] The Objection sought an order disallowing Proof of Claim Number 20 (the "Tennille Proof of Claim") filed by Tennille Plise ("Tennille"), the alleged ex-spouse of William W. Plise (the "Debtor"). As set forth in the Objection, the Tennille Proof of Claim contends that Tennille is the holder of a domestic support obligation in the amount of four hundred twenty-five thousand dollars ($425,000). On July 16, 2014, the deadline for the Trustee to file a Reply to the Response to the Objection, Tennille filed an amended proof of claim increasing the amount of the domestic support obligation from Four Hundred Twenty-Five Thousand Dollars ($425,000) to Seven Hundred Fifteen Thousand Dollars ($715,000) (the "Amended Tennille Proof of Claim"). A true and correct copy of the Amended Tennille Proof of Claim is attached to the Nelson Declaration as **Exhibit "1"**. The Amended Tennille Proof of Claim, like the Tennille Proof of Claim, simply attaches the divorce decree entered into with the Debtor as support for the domestic support obligation. The Amended Tennille Proof of Claim does not include any additional evidence substantiating the Two Hundred Ninety Thousand Dollar ($290,000) increase in her purported domestic support obligation. In fact, counsel for Tennille indicated at the July 24, 2014, hearing on the Objection that he had no information as to the Two Hundred Ninety Thousand Dollar ($290,000) increase in the Amended Tennille Proof of Claim. *See* Nelson Declaration. On July 24, 2014, counsel for the Trustee sent an email to the entire law firm of Johnson & Gubler, P.C. requesting documentation supporting the Seven Hundred Fifteen Thousand Dollar ($715,000) domestic support obligation in the Amended Tennille Proof of Claim. A true and correct copy of the July 24, 2014, email to counsel for Tennille is attached to the Nelson Declaration as **Exhibit "2"**. Russell G. Gubler, Esq., the attorney that signed the Amended Tennille Proof of Claim on behalf of Tennille, was included on the July 24, 2014,

---

[3] Unless otherwise provided, all defined terms in this Supplemental Objection shall have the same meaning ascribed to them in the Objection.

- 3 -

email.

The Johnson & Gubler, P.C. law firm sat silent and waited until July 28, 2014, the deadline to file the Supplemental Objection, counsel for Tennille informed counsel for the Trustee that the basis for the additional Two Hundred Ninety Thousand Dollars ($290,000) in the Amended Tennille Proof of Claim is based on the settlement of a lawsuit filed by Bank of George ("BOG") against Tennille captioned *Bank of George v. Tennille Plise* (Case Number A-584256) filed with the Clark County District Court (the "BOG Litigation"). In the BOG Litigation, BOG sought to avoid transfers that were made pursuant to the Divorce Decree on the grounds that they were fraudulent. On June 3, 2011, Tennille and BOG entered into a settlement agreement, whereby BOG agreed to release all claims for relief in the BOG Litigation in exchange for the payment of Forty Thousand Dollars ($40,000) and the return of certain Bank of George stock (the "BOG Stock") held by Tennille (the "BOG Settlement Agreement"). A true and correct copy of the BOG Settlement Agreement is attached to the Nelson Declaration as **Exhibit "3"**. In an email dated July 28, 2014, counsel for Tennille informed counsel for the Trustee that the additional Two Hundred Ninety Thousand Dollars ($290,000) is premised on the payment of the Forty Thousand Dollars ($40,000) pursuant to the BOG Settlement Agreement and the return of the BOG stock, which Tennille alleges is valued at Two Hundred Fifty Thousand Dollars ($250,000). A true and correct copy of the July 28, 2014, email from counsel for Tennille is attached to the Nelson Declaration as **Exhibit "4"**.

The question which must be addressed is how the settlement of a lawsuit of litigation seeking to avoid transfers made under the auspices of a sham divorce creates a domestic support obligation for Tennille. Furthermore, even if the avoidance of the transfers under the BOG Settlement Agreement somehow created a domestic support obligation, Tennille does not explain how the return of the BOG Stock entitles her to a domestic support obligation in the amount of Two Hundred Fifty Thousand Dollars ($250,000) when she has repeatedly represented in declarations executed under penalty of perjury that the BOG Stock had no value. In fact, the BOG Settlement Agreement itself provides that Tennille believed that the BOG Stock had no value stating: "Defendant *[Tennille] believes the value of the common stock in Plaintiff she*

- 4 -

*owns is worthless*; however, Defendant [Tennille] hereby releases any and all interest that she has in the common stock of Plaintiff." *See* BOG Settlement Agreement, § 2 (emphasis added), attached to the Nelson Declaration as **Exhibit "3"**.

Tennille has also repeatedly represented in declarations executed under penalty of perjury that the BOG Stock had no value. On November 6, 2012, Tennille executed a Declaration In Support of Opposition to Motion for Preliminary Injunction Freezing Certain Assets, and Countermotion to Dismiss Claims Against Tennille I. Plise and Old Toll Road, LLC in the adversary proceeding titled *Krohn v. Plise* (Case Number BK-S-12-01214-LBR) [Adversary Proceeding Docket No. 46]: "I [Tennille] settled with the Bank of George for stock (which was believed to be worthless) and for the amount that I believed it would cost me to attend trial." A true and correct copy of the Tennille Declaration is attached to the Nelson Declaration as **Exhibit "5"**. Most egregious, Tennille states in her Declaration In Support of the Response to Objection to Proof of Claim Number 20 Filed By Tennille I. Plise Pursuant to Federal Rule of Bankruptcy Procedure 3007 [Main Bankruptcy Docket No. 737] that the BOG Stock has no Value attesting: "However, instead of the full $1.0 Million for Alimony, on or about October 29, 2008, I agreed to receive $350,000; a piece of real property in Colorado, located at 8515 Hinsdale County Road, Colorado 8123 (the "Colorado Property"); a note for Cracked Egg; and Bank of George Stock, *which lost its value*." *See* Docket No. 737, ¶ 7 (emphasis added). After attesting in no less than three (3) separate documents (including the BOG Settlement Agreement), it is absolutely inconceivable that Tennille now asserts that the release of the BOG Stock entitles her to a domestic support obligation in the amount of Two Hundred Fifty Thousand Dollars ($250,000) when she has previously testified multiple times that the stock had no value. Tennille, much like the many other individuals associated with this case, concocts stories in whatever best serves her purpose at that time. Tennille must be held accountable for attempting to defraud both this Court and the Trustee and the Trustee reserves her rights under FRBP 9011 to request that the filing party be held in contempt for the fraudulent filing of the Amended Tennille Proof of Claim. Furthermore, there is no evidence that the Forty Thousand

Dollars ($40,000) under the BOG Settlement Agreement came from Tennille.[4]

The Trustee now files this Supplemental Objection in order to disallow the Amended Tennille Proof of Claim. This Supplemental Objection incorporates all of the arguments and evidence submitted in support of the Objection. For these reasons and the reasons set forth in the Objection, the Court should enter an order sustaining the Objection and the Supplemental Objection and disallow both the Tennille Proof of Claim and the Amended Tennille Proof of Claim.

## II. LEGAL ARGUMENT

### A. Standard for Objecting to a Proof of Claim

FRBP 3001(f) provides that "[a] proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim." FED. R. BANKR. P. 3001(f). Upon objection, the proof of claim provides "some evidence as to its validity and amount" and carries over a "mere formal objection." *Lundell v. Anchor Const. Specialists, Inc.*, 223 F.3d 1035, 1039 (9th Cir. 2000). In order to overcome this presumption of validity, the objector must come forward with sufficient evidence and "show facts tending to defeat the claim by probative force equal to that of the allegation of the proof of claim themselves." *Wright v. Holm (In re Holm)*, 931 F.2d 620, 623 (9th Cir. 1991). "If the objector produces sufficient evidence to negate one or more of the sworn facts in the proof of claim, the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence." *Ashford v. Consolidated Pioneer Mort. (In re Consol. Pioneer Mort.)*, 178 B.R. 222, 226 (9th Cir. BAP 1995).

. . .

. . .

---

[4] The Trustee is in the process of serving a subpoena on the person most knowledgeable of Johns & Durrant, LLP to obtain the source the proceeds that were used to satisfy any amount owing under the Bank of George Settlement. The Trustee has also requested that counsel for Tennille provide copies of the front and back of any checks that were issued pursuant to the BOG Settlement Agreement.

**B.  The Supplemental Objection Incorporates All of the Legal Arguments Set Forth In the Objection**

The Trustee hereby incorporates by reference all of the facts and legal arguments set forth in the Objection. The Court should disallow the Amended Tennille Proof of Claim for the same reasons as set forth in the Objection.

**C.  In Addition to the Arguments Set Forth In the Objection, the Court Should Disallow the Amended Tennille Proof of Claim Because the BOG Settlement Agreement Did Not Create a Domestic Support Obligation**

The Amended Tennille Proof of Claim does not include any documentation supporting the proposition that the BOG Settlement Agreement creates a domestic support obligation. The Amended Tennille Proof of Claim does not contain sufficient information to overcome the presumption of prima facie validity under FRBP 3002(f). *See* FRBP 3001(c)(1) ("Except for a claim governed by paragraph (3) of this subdivision, when a claim, or an interest in property of the debtor securing the claim, is based on a writing, a copy of the writing shall be filed with the proof of claim."); *see also In re Heath*, 331 B.R. 424 (9th Cir. BAP 2005) (holding that the failure to attached sufficient documentation in support of a proof of claim deprives the proof of claim of its prima facie validity).

Tennille also does not cite any authority supporting the proposition that her decision to settle the BOG Litigation created a domestic support obligation that is entitled to first priority in the Debtor's bankruptcy case. The central dispute in the BOG Litigation was that the transfers pursuant to the sham Divorce Decree could be avoided as fraudulent transfers pursuant to Chapter 112 of the Nevada Revised Statute ("N.R.S."). Tennille's argument that the settlement of a fraudulent transfer action creates a domestic support obligation would render fraudulent transfer actions seeking to avoid payments under collusive divorce decrees meaningless. In the BOG Litigation, BOG was seeking to avoid transfers made by the Debtor to Tennille as fraudulent transfers. Presumably, Tennille decided to settle the BOG Litigation in order to lessen her exposure in the BOG Litigation. Such a settlement agreement should not be interpreted as creating a domestic support obligation. Accordingly, the Court should enter an order sustaining

the Objection and the Supplemental Objection.

**D.     Even If the BOG Settlement Agreement Created a Domestic Support Obligation, the Amended Tennille Proof of Claim Should Be Disallowed Because the BOG Stock Had No Value and There Is No Evidence Supporting the Fact that Tennille Actually Paid the Forty Thousand Dollars ($40,000) Pursuant to the BOG Settlement Agreement**

Even if the BOG Settlement Agreement somehow magically created a domestic support obligation, which it did not, the additional Two Hundred Ninety Thousand Dollars ($290,000) claimed in the Amended Tennille Proof of Claim should be disallowed because (1) Tennille concedes that the BOG Stock had no value, and (2) there is no evidence supporting her claim that the source of the proceeds to pay the Forty Thousand Dollars ($40,000) owing under the BOG Settlement Agreement came from Tennille.  It is disingenuous that Tennille repeatedly states in the BOG Settlement Agreement and numerous declarations filed in the Debtor's bankruptcy case that the BOG Stock had no value, and then now contends that the return of the BOG Stock entitles her to a domestic support obligation in the amount of Two Hundred Fifty Thousand Dollars ($250,000).  Despite what she may believe, Tennille cannot have it both ways.  The BOG Stock cannot be worthless when she enters into the BOG Settlement Agreement, and then worth Two Hundred Fifty Thousand Dollars ($250,000) when she is attempting to claim a domestic support obligation.  Either Tennille perjured herself when she executed numerous declarations asserting that the BOG Stock was worthless, or she is attempting to defraud the Court and the Trustee by now claiming that the return of the BOG Stock entitles her to a domestic support obligation in the amount of Two Hundred Fifty Thousand Dollars ($250,000).

To say that the credibility of Tennille is non-existent would be an understatement.  There is no evidence that Tennille was the party that paid the Forty Thousand Dollars ($40,000) owing under the BOG Settlement Agreement.  This is especially the case when the Debtor, through his alter ego entity 5550 Las Vegas, LLC, was paying for all of Tennille's legal expenses prior to the filing of his bankruptcy case.  The Trustee has requested copies of the check (both front and back) issued by Tennille to satisfy the amount due and owing under the BOG Settlement Agreement.  The Trustee has also issued a subpoena to Johns and Durrant, LLP requesting

- 8 -

copies of the checks, if any, that were paid by Tennille under the BOG Settlement Agreement. The Trustee reserves the right to supplement this Supplemental Objection once the relevant documentation has been received from counsel for Tennille and Johns and Durrant, LLP. Accordingly, the Court should sustain the Objection and the Supplemental Objection, and enter an order disallowing the Tennille Proof of Claim and the Amended Tennille Proof of Claim.

### III. CONCLUSION

For the foregoing reasons, the Trustee respectfully requests that this Court enter an Order sustaining the Objection and the Supplemental Objection, disallowing both the Tennille Proof of Claim and the Amended Tennille Proof of Claim, and for such other and further relief the Court deems just and proper.

Dated this 28th day of July, 2014

**NELSON & HOUMAND, P.C.**

/s/ *Victoria L. Nelson*
Victoria L. Nelson, Esq. (NV Bar No. 5436)
Jacob L. Houmand, Esq. (NV Bar No. 12781)
3900 Paradise Road; Suite U
Las Vegas, Nevada 89169-0903
Telephone:   702/720-3370
Facsimile:   702/720-3371

*Attorneys for Shelley D. Krohn, Chapter 7 Trustee*